IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DAVID MICHAEL BISHOP,<br>    Petitioner, | §<br>§<br>§ | |
| v. | § | Civil Action No. 4:19-CV-647-O |
| | § | |
| ERIC D. WILSON, Warden,<br>FMC-Fort Worth,<br>    Respondent. | §<br>§<br>§<br>§ | |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, David Michael Bishop, a federal prisoner who was confined at FMC-Fort Worth at the time this petition was filed, against Eric D. Wilson, warden of FMC-Fort Worth, Respondent. Petitioner is currently confined at FCI-Oakdale in Oakdale, Louisiana. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be denied.

**I. BACKGROUND**

Petitioner is serving a 108-month term of imprisonment for his 2014 convictions in the Northern District of Florida for receipt and possession of child pornography. *See* J., United States v. Bishop, PACER, U.S. Party/Case Index, Criminal Docket for # 5:13-cr-00035-RS-1, ECF No. 24. Petitioner's projected release date with good time credit is March 18, 2021. Resp't App. 5, ECF No. 9. By way of this petition he claims his right to due process was violated by the Bureau of Prisons's (BOP) refusal to submit a residential reentry center (RRC) referral "to another district outside the State of Florida or process [a] request for direct home confinement as authorized by federal law." Pet. 5, ECF No. 1. He initially sought the following relief:

> I want for the BOP to (1) formally consider my request for direct home confinement pursuant to 18 U.S.C. § 3621(e)(2)(A), (2) submit my RRC referral to another district

>pursuant to 18 U.S.C. § 3621(e)(2)(A), (2) submit my RRC referral to another district that will grant me RRC placement as they have done for other inmates, and or (3) require the RRM Office in Orlando, Florida to grant me RRC placement, as well as any other relief that the Court deems just and proper.

*Id.* at 7.

Petitioner's requests for relocation for RRC placement were submitted by the BOP to the Northern District of Florida and the Western District of North Carolina, both of which denied the requests. Resp't's Resp. 2-3, ECF No. 8; Resp't's App. 24-32, ECF No. 9. He now appears to seek RRC placement in this district, where a "like-situated" prisoner recently requested and obtained relocation, but he asserts that the BOP refuses to assist him further. Pet'r's Reply 1-5, ECF No. 12. According to Petitioner, "the actual issue is not <u>whether</u> the BOP should release [him], the issue is <u>where</u> shall [he] be released to." *Id.* at 1-2 (emphasis in original).

**II.  DISCUSSION**

Assuming Petitioner is eligible for pre-release RRC placement, it is well settled that that there is no constitutionally protected right of a convicted person to early release under 18 U.S.C. § 3624(c) or to be confined in any particular place, including in-home confinement. *See Rublee v. Fleming,* 160 F.3d 213, 214 (5th Cir. 1998); *Zerby v. Keffer,* No. 4:10-CV-197, 2010 WL 3835235, at *2, Y (N.D. Tex. 2010), *R. & R. adopted,* 2010 WL 3835148 (N.D. Tex. 2010). In addition, "nothing in the Second Chance Act or § 3621(b) entitles [Petitioner] or any other prisoner to a guaranteed placement" in a RRC. *See Creager v. Chapman,* No. 4:09-CV-0713-A, 2010 WL 1062610, at *3 (N.D. Tex. 2010). *See also Olim v. Wakinekona,* 461 U.S. 238, 245 (1983) (providing an inmate has no "justifiable expectation that he will be incarcerated in any particular prison within a State" or "that he will be incarcerated in any particular State"). Nor has Petitioner shown that the

BOP acted in an arbitrary or capricious manner in exercising its discretion under 18 U.S.C. §§ 3621(b) & 3624(c). The BOP submitted Petitioner's requests for relocation to the appropriate agencies, which were denied, and he fails to establish that he has requested relocation to the appropriate agency in this district. A prisoner does not have a constitutional right to be placed in the penal facility of his choice. *See Olim,* 461 U.S. at 245.

To the extent Petitioner attempts to assert an equal-protection claim, he fails to show that he was intentionally treated differently from other similarly situated prisoners and that, if different standards or policies were applied, that there was no rational basis for the difference in treatment. *See Unruh v. Moore,* 326 Fed. App'x 770, 2009 WL 1310981, at *1 (5th Cir. 2009); *Purviance v. Maye,* No. A-10-CV-793-LY, 2011 WL 2173611, at *4 (W.D. Tex. June 2, 2011).

### III. CONCLUSION

For the reasons discussed, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DENIED.

**SO ORDERED** on this 28th day of April, 2020.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

3